CITY OF CINCINNATI, APPELLEE, *v.* WOODRUFF, APPELLANT.

[Cite as City of Cincinnati v. Woodruff, 4 Ohio App. 2d 253.]

(No. 9676—Decided April 19, 1965.)

*Mr. William A. McClain,* city solicitor, *Mr. Ralph E. Cors* and *Mr. Joseph H. Johnson,* for appellee.

*Messrs. White & Getgey,* for appellant.

HOVER, J. The defendant, appellant herein, was found guilty of the crime of larceny by trick (Section 2907.21, Revised Code). The appeal was considered by this court on the docket and journal entries from the court below, a bill of exceptions and the briefs and arguments of counsel.

The facts are not in dispute. The defendant, using the name of Betty Shaw, a false name, returned an item of merchandise to the department store, requested a cash refund of the store's clerk, received it and cashed it. The refund slip, exhibit "A," is not in the bill of exceptions, but there is no dispute as to its terms and the circumstances surrounding its issue. Evidence was received from a daughter of the defendant that the defendant had on numerous occasions and in numerous department stores caused her daughters to switch price tags on merchandise so that the defendant could thereby defraud the store. This was undoubtedly a general scheme or plan to defraud and the evidence was properly admissible under the statute.

There is, however, a fatal defect in the plaintiff's case. There is no showing that defendant obtained either the merchandise or the refund slip by a fraudulent representation or pretense, or that any such fraudulent representation or pretense was the inducement whereby the alleged victim parted with any property or suffered any loss.

The mere fact that the defendant used a false name had no relationship to obtaining the refund slip, and the mere fact of the false name could be under no circumstances the inducement offered the store to engage in an otherwise normal practice. The evidence that defendant may have in this and other places, on numerous occasions, engaged in a fraudulent practice unrelated to the present offense, does not supply the total and obvious gaps in the plaintiff's case. Stated another way, upon the record in this case there was no evidence whatsoever that there was a larceny; no evidence of fraud or trick; and no evidence that any alleged victim lost anything.

The rule is clearly stated in *State* v. *Healy,* 156 Ohio St. 229, and reiterated very recently in *State* v. *Curtis,* decided March 3, 1965, 2 Ohio App. 2d 31.

Accordingly, the judgment is reversed and the defendant is ordered to be dismissed.

*Judgment reversed.*

HILDEBRANT, P. J., and LONG, J., concur.